Cook vs. The North and South Railroad Company.

---

JAMES C. COOK, plaintiff in error, *vs.* THE NORTH AND SOUTH RAILROAD COMPANY, defendant in error.

Where a bill was filed setting up that the complainant had conveyed by deed to a railroad company for laying and using its track, one hundred feet width of the land through his plantation, and trusting to the assurances of the president of the road, that proper stock-gaps should be erected, as they might be needed, had neglected to put in the deed any stipulation as to the gaps, and the bill prayed that the company might be enjoined from running the cars and using the land until the "gaps" were erected:

*Held*, That the injunction was properly refused by the Judge, even though there might be equity in the bill.

Injunction.   Railroads.   Stock-gaps.   Before Judge JOHNSON.   Muscogee county.   At Chambers.   June 8th, 1872.

Cook *vs.* The North and South Railroad Company.

James C. Cook filed his bill against the North and South Railroad, containing, substantially, the following averments : That said defendant located its railroad through certain inclosed lands of complainant; that when said defendant was about to locate said road through complainant's property, he and William A. McDougald, the president of defendant, rode through said lands and complainant pointed out their situation, connection and fences, and called his attention to the fact that if the railroad should run through said inclosures, it would cause breaks in the fences through which cattle and other animals might pass; that said McDougald then and there assured complainant that defendant would make stock gaps at each and every place where the railroad would cut or strike said fences, and that these assurances were repeated on subsequent occasions; that not long afterwards, the said defendant located its railroad in such a way as to make four intersections of the fences, and, in constructing its road-bed, has made gaps at said intersections through which cattle pass ; that said defendant has not constructed stock-gaps at said intersections, and, on the contrary, has refused to construct the same; that when said railroad was located, a question as to the right-of-way arose between complainant and defendant, which was referred to arbitration ; that one arbitrator awarded to complainant $4,000, and the other $3,000, and before calling in an umpire, submitted their conclusions to complainant and defendant; that complainant and defendant, through its aforesaid president, agreed to dispense with an umpire, and that the award should be for $3,500, and that the defendant should construct cattle-gaps at the said four intersections, and should also make a crossing for complainant over said railroad at a point above said inclosures, where complainant's mill road crossed; that on September 20th, 1871, relying upon the aforesaid assurances, and believing them binding on said defendant, complainant executed a deed to said defendant, conveying the right-of-way, one hundred feet wide, through said land ; that if the said William A. McDougald, president of defendant, did not believe the assurances and

promises aforesaid to be valid and binding on said defendant, it was his duty to have communicated this to complainant, and that his neglect to pursue this course was a fraud upon complainant; that in executing said deed, complainant acted on his belief, as above stated, and but for this belief, he would never have made the deed. Prayer, that said defendant be compelled to construct cattle-gaps, as promised; that defendant be enjoined from running cars or engines on said railroad, and from using the same in any way, until said defendant shall have constructed the cattle-gaps, as aforesaid, and shall have permitted complainant to join his fences to the same; that said defendant be enjoined from using said railroad until some bridge or crossing be constructed at the intersection of said railroad with complainant's mill road; that the writ of subpœna may issue.

The answer of defendant is unnecessary to an understanding of the decision of the Court.

On June 8th, 1872, the Chancellor refused the injunction and complainant excepted.

HENRY L. BENNING,for plaintiff in error.

BLANDFORD & CRAWFORD, for defendant.

McCAY, Judge.

We are not called upon to say there is no equity in this bill. Perhaps there is; a jury might find fraud in these proceedings, or breach of confidence. The question before us is, simply, whether the Judge has done wrong in refusing the injunction. Without doubt the complainant is guilty of negligence in not seeing more closely to what he was about, and he does not come before the Court, asking its extraordinary interposition, without fault. Nor does he show any such immediate, irreparable, prospective injury as to demand an injunction. The truth is, he is rather seeking, by indirection, to ask the Court to so act as will *compel* the defendant to build the stock-gaps, a power the Court rarely, if ever, un-

dertakes. Besides, though the railroad company is a private corporation, yet it exists for the public good, and to grant this injunction will not only restrain the defendants, but will be a great public evil. It ought to be a strong case to justify the interposition of the Judge to do the thing asked. We do not think this is such a case, and Judge Johnson did not abuse his discretion in refusing the injunction.

Judgment affirmed.